## CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia Devine Norris

v.

F. Wilson Brown

March 31, 1982

Case No. G-5052-3

By JUDGE WILLARD I. WALKER

This case is before the court on plaintiff's plea of compromise and settlement. For reasons outlined below, judgment will be entered pursuant to the terms of the settlement offer set forth in the letter dated February 6, 1981, from Walter L. Hooker, counsel for defendant. (Exhibit 1).

The facts are as follows: This case is presently pending in the Circuit Court of the City of Richmond, Division I, for an accounting and valuation of partnership interests in Brown & Devine Company, and for other relief. On February 9, 1981, Bruce D. Rasmussen, counsel for plaintiff, received a letter from Walter L. Hooker, counsel for defendant, dated February 6, 1981. Defendant, after reviewing the letter, had authorized his attorney to mail the letter. (Request for Admissions # 20) In the letter, terms of an offer to settle were outlined. After obtaining authority from plaintiff, counsel for plaintiff accepted defendant's offer of settlement in a telephone conversation on February 9, 1981. Counsel for defendant asserts that: (1) a settlement offer that is ambiguous on its face is not a settlement offer, and (2) there was no meeting of the minds between the parties and therefore no acceptance.

Firstly, a settlement offer that is ambiguous on its face is still a settlement offer. The terms may be

subject to construction and interpretation, but it is still a settlement offer. The February 6, 1981, letter is not ambiguous on its face. It states that it is an offer to settle and sets forth the terms of the offer (Exhibit 1). Counsel for defendant had express authority to settle (Request for Admissions # 20), therefore, the only issues involved concern the interpretation of the contents of the February 6, 1981, letter, and the legal effect of the February 9, 1981, telephone conversation. *Singer Sewing Machine Co.* v. *Ferrell*, 144 Va. 395 (1926), sets forth the following standard: "the law is well settled that while a compromise made by an attorney without authority or in violation of his client's commands will not be enforced to the client's injury, yet if the authority of the attorney be apparent then his client will be bound, *unless the compromise possessed such elements of intrinsic unfairness as to provoke inquiry or imply fraud.*" *Singer*, *supra*, at 404 (emphasis added, referring to *Stock & Son* v. *Owen*, 129 Va. 256 (1921), and quoting *Bronson* v. *Chappell*, 12 Wall. 681, 683, 20 L. Ed. 436 (1871)).

This principle is equally applicable to an attorney with express authority, and as there is no evidence of unfairness or fraud, the letter of February 6, 1981, is an effective and binding offer of settlement.

Secondly, counsel for defendant argues that there was no meeting of the minds and therefore no acceptance. There was no revocation of the offer (Request for Admissions # 33), no evidence indicating mistake, duress or fraud. The evidence, however, does indicate that the offer was accepted. A binding agreement, therefore, was entered into on February 9, 1981, and will be enforced.